# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>Lee S. Dagostini  xx/xx/1959 and<br>Sandra Randall xx/xx/1966<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  21-814M(NJ)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  August 1, 2014 and the present  in the county of  Waukesha and elsewhere  in the  Eastern  District of  Wisconsin , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Codes, Sections 1341, 1343, and 1344 | Mail, wire and bank fraud |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

DHS Special Agent John Cerf
*Printed name and title*

Sworn via telephone; transmitted via email pursuant to Fed. R. Crim. 4.1

Date: March 10, 2021

*Judge's signature*

City and state:  Milwaukee, Wisconsin   Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, John Cerf, being duly sworn, hereby depose and state that the following is true and correct to the best of my information, knowledge, and belief.

INTRODCUTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HIS) since July 2008. I have been assigned to investigate financial crimes to include money laundering and fraud related offenses committed by criminal organizations. I have received specialized training in the enforcement of federal financial crimes. I have also debriefed defendants and witnesses; conducted physical and electronic surveillance, executed arrest and search warrants and analyzed evidence. My job responsibilities include investigating violations of federal law, including but not limited to financial crimes. As part of my assignments, I have received formal training from the Federal Law Enforcement Training Center as well as training through experts from various law enforcement agencies.

2. I make this affidavit in support of an application for a criminal complaint and arrest warrants for Lee S. DAGOSTINI and Sandra RANDALL. The application is based on evidence that between 2015 and the present, DAGOSTINI and RANDALL, and others have been involved in the execution of a "bust-out" fraud scheme that employs the use of synthetic identities to obtain bank and credit card accounts which they use to promote the illicit transfer of money between various financial institutions and facilitate withdrawals to accomplish financial fraud, money laundering, and other criminal activities. A synthetic identity is one that uses a name, date of birth, social security number, address, phone number, and possibly other

information sch as an email account to create the profile of a fictitious person. Pieces of real identity may be combined with fictitious identity information.

3. The information supplied in this affidavit is based upon my investigation as well as information provided and investigation conducted by other law enforcement personnel in this matter to date, all of which I consider reliable. Because this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrants, I have not set forth every fact related to, or otherwise the product of this investigation.

4. In March and April 2020, after lawful inspections, officers in the Milwaukee Customs and Border Protection office ("CBP") seized packages containing counterfeit Wisconsin driver's licenses sent from Guangzhou Fan Xu Company LTD of Hong Kong, declared as synthetic hair. The package seized in March was addressed to *Steven DAGOSTINI* at 311 North Greenfield Avenue, Waukesha, WI 53186 and the package seized in April was addressed to *Patrick FRANKE* at 741 N Grand Avenue #201, Waukesha, WI 53186, with phone number 414-940-9975. The packages contained a total of six counterfeit driver's licenses, two in the name of *James PERRY*, two in the name of *Chris MARKS*, and two in the name of *Dylan YATES*. All the counterfeit driver's licenses contain a photo of Lee S. DAGOSTINI. The counterfeit licenses for *MARKS* and *YATES* contain the address 511 E North Street, Waukesha, WI 53188, # 142 and #129, respectively.

5. On July 6, 2020, CBP made a third seizure of a package shipped from Guangzhou Miaoyeguang Trading Company LTD of China, again declared as synthetic hair. That package was addressed to *Rudy PETERSON* at 238 Union Street, Waukesha, WI 53188. Like the two earlier packages, the package contained a total of six counterfeit Wisconsin driver's licenses. One set in the name *Riley CROSS*, with the address of 311 N Greenfield Ave, Waukesha, WI53186; one set in the name *Mark LONG*, with the address 511 E North Street, #129, Waukesha, WI 53188; and

the third set in the name *Sophia DAGOSTINI* with the address 311 N Greenfield Ave, Waukesha, WI 53186. The *CROSS* and *LONG* documents each contain a photo of Lee S. DAGOSTINI. The *Sophia DAGOSTINI* documents contain a photo of a young female who I believe to be Lee S. DAGOSTINI's daughter.

6. My investigation to date has determined that 311 North Greenfield Avenue, Waukesha, WI 53186, which was the intended destination for the March package, and the address on counterfeit driver's licenses in the names *Riley CROSS* and *Sophia DAGOSTINI* in the July package, is a residence owned by Sandra RANDALL and currently occupied by Sandra RANDALL and her former husband, Lee S. DAGOSTINI.[1] Waukesha County property records show Sandra RANDALL to be the current owner and during surveillance conducted between June 2020 and the present, I and other agents have observed RANDALL and DAGOSTINI regularly coming and going from the residence.

7. 741 N Grand Avenue, 201, Waukesha, WI 53186, the intended destination for the April package, is an office suite in a commercial building, leased to in the name *Patrick FRANKE*, doing business at Plac Associates. During my investigation, I determined that *Patrick FRANKE* is a synthetic identity and that the office suite is, in fact, occupied by DAGOSTINI. On August 11, 2020, Zach Stegenga, a Special Agent with Internal Revenue Service, Criminal Investigation ("IRS-CI"), observed Lee S. DAGOSTINI enter the building carrying what appeared to be a laptop computer, and through a partially open door to suite 201, he observed Lee S. DAGOSTINI, the sole occupant of the office, sitting at a desk, working on a laptop computer. On February 26, 2021, SA Stegenga again observed DAGOSTINI drive to the 741 N Grand Avenue building and enter the attached garage. SA Stegenga has also reviewed rent rolls which reflect that the lease

---

[1] Waukesha County Circuit Court records reflect that DAGOSTINI and RANDALL divorced in March 2015, but recent surveillance has established that they currently share the residence at 311 N. Greenfield Ave.

3

for 741 N Grand Ave, is current for the synthetic identity *Patrick FRANKE*, d.b.a. Plac Associates through May 31, 2021. I know from reviewing investigative reports from DAGOSTINI's previous fraud case that as part of that fraud scheme he leased an office where he carried on and maintained records of his fraud activity. Based on conversations with Kim Camomilli, the Financial Litigation Agent with the United States Attorney's Office who supervises DAGOSTINI's post-conviction restitution agreement, that DAGOSTINI\ currently has no legitimate gainful employment amd thus no legitimate reason to occupy a business office, and particularly not one leased in a fictitious name.

8. The telephone number 414-940-9975, associated with the April 2020 package, is the same number that is on the Plac Associates lease for 741 N Grand Avenue, 201. The telephone number was activated with U. S. Cellular on February 2, 2017, as a prepaid account that did not require complete customer registration information. The account name is recorded as Sam Doe and the associated email is listed as leedago@gmail.com, which is a Google email account established and used by Lee S. DAGOSTINI.

9. My investigation also determined that the address 511 E North Street, Waukesha, WI 53188, on the *MARKS*, *YATES,* and *LONG* counterfeit driver's licenses, belongs to the North Street Station, a commercial building that houses a laundromat, a tanning service, and an office and mailbox service. The mailbox service is known as MailEx. The numbers 129, and 142 correspond to specific MailEx mailboxes. On numerous occasions during surveillance conducted between June 2020 and the present, I and other agents have observed Lee S. DAGOSTINI travel from the residence at 311 N. Greenfield Avenue, Waukesha, WI 53186 to 511 E. North Street, Waukesha, WI 53188, enter the North Street Station building, and return to his vehicle carrying what appears to be mail matter.

4

10. Federal district court records reflect that Lee S. DAGOSTINI has a previous conviction which involved the use of fictious or synthetic identities.[2] Specifically, on December 1, 2005, Lee S. DAGOSTINI was convicted of financial fraud in federal court in the Eastern District of Wisconsin in case number 04-CR-146. The counts of conviction included possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); mail fraud, in violation 18 U.S.C. § 1341; money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and money laundering conspiracy while subject to release, in violation of 18 U.S.C. §§ 1956(h) and 3147. The underlying investigative reports reflect that Lee S. DAGOSTINI engaged in a "bust out" scheme, wherein he created 31 synthetic identities to open numerous bank and credit card accounts. He ultimately defaulted on the accounts, leaving financial institutions with a loss of more than $1 million. Lee S. DAGOSTINI was sentenced to 10 years in prison, followed by 5 years of supervised release. He completed his supervised release in August 2019.

11. In the current investigation, I have received and reviewed numerous credit bureau and financial institution records which contain evidence that Lee S. DAGOSTINI is now engaged in financial fraud that is the same or similar to the fraud scheme that resulted in his prior conviction, and that his former wife, Sandra RANDALL, is a coconspirator in this activity.

12. Initially, I reviewed Landmark Credit Union accounts that were flagged by fraud investigators at that financial institution. The Landmark investigators identified an overlap of personal identifiers between Lee S. DAGOTINI's accounts and multiple bank and credit card accounts established in the names of *Sandy RANDALL*, *Steven DAGOSTINI*, *Herminio CASTRO*,

---

[2] A Synthetic Identity" refers to a personal identity that may be completely fictitious or partially fictitious. A synthetic identity requires a name, date of birth, social security number, address, and phone number. Synthetic identities are typically created for nefarious purposes and often involve counterfeit identification, which permits a real person to evade law enforcement or benefit from a fraud scheme.

and *Frankie LANE*. A number of these accounts had substantial delinquent balances. As an example of the overlap, the *Sandy RANDALL,* and *Steven DAGOSTINI* accounts are both associated[3] with Lee S. DAGOSTINI's phone number 414 940-9975 and the *Steven DAGOSTINI* account is also associated with Lee S. DAGOSTINI's Google email account, leedago@gmail.com. The *Herminio CASTRO* account was opened on November 6, 2015 with a phone number that was updated on December 23, 2016 to Lee S. DAGOSTINI's number, 414 940-9975.

13. During my review and analysis of the Landmark accounts, I observed that the *Sandy RANDALL* and the *Steven DAGOSTINI* accounts share the mailing address 511 E North Street, #133, Waukesha, WI 5318, which I know to be an additional MailEx mailbox at the North Street Station. The driver's license provided as proof of identity for the *Frankie LANE* account contains the same photo of Lee S. DAGOSTINI that is on the counterfeit licenses seized by CBP in March, April and July. The email associated with the *Sandy RANDALL* account has a recovery email address of leedago@gmail.com.[4] Additionally, the application for the *Sandy RANDALL* account was generated on October 22, 2015 from computer IP address 173.89.22.198[5], which is administered by Charter Communications. The same IP address generated other suspect account

---

[3] In this affidavit, I use the term "associated" to describe information provided by an account applicant at the time of the application and/or information that is currently maintained in the records of those accounts by a financial institution.

[4] A recovery email and phone number provide a customer with methods to receive a temporary password if the account becomes locked or if a password is forgotten. Therefore, the customer must have access to the recovery email and phone that have been provided to make use of this feature.

[5] An IP address or Internet Protocol address is a unique numeric address used by computers on the Internet. An IP address looks like a series of numbers and/or characters often separated by periods or colons. Every device attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that device may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers and mobile computing devices have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

6

applications linked to Lee S. DAGOSTINI including the application for the *Herminio CASTRO* Landmark account on November 6, 2015.

14. Landmark Credit Union has also provided me with copies of recorded telephone calls from a person identifying himself as *Sandy RANDALL, Steven DAGOSTINI, Herminio CASTRO*, and *Frankie LANE*. In each case, the caller represented himself as the account holder making inquiries about the status of the account. I have compared these recordings to a recorded voice mail message that Lee S. DAGOSTINI left at the United States Attorney's Office ("USAO") for Financial Litigation Unit ("FLU") Agent Kim Camomilli who oversees the restitution agreement in his previous case. Based on that comparison, I believe that in each case, the caller is Lee S. DAGOSTINI. Camomilli, who has also spoken to Lee S. DAGOSTINI on the phone, has also listened to the Landmark calls and concurs that the voice in each call is that of Lee S. DAGOSTINI.

15. I did an analysis of the account activity in the four suspect Landmark accounts and an analysis of the activity in additional accounts opened at other financial institutions using the same or similar overlapping identity information. In doing so, I found evidence of additional accounts that are fictitious and linked to Lee S. DAGOSTINI. For example, I discovered that between 2015 and the present, additional checking, savings and/or credit card accounts were opened on line in the name *Sandy RANDALL* at Summit Credit Union, UW Credit Union, Barclays Bank, Discover, Wells Fargo, Elan, Bank of America, and Citibank using the same suspect identifiers as those associated with the *Sandy RANDALL* Landmark account, including the actual driver's license of Lee S. DAGSTINI's ex-wife, Sandra RANDALL and the MailEx address 511 E North Street, #133, Waukesha, WI 53188. On at least one of these applications, #133 was represented to be an apartment number.

7

16. Deposits into the *Sandy RANDALL* checking and savings accounts at Summit Credit Union include paychecks to, and direct deposits for, Lee S. DAGOSTINI by Milwaukee Careers Cooperative. Lee S. DAGOSTINI was briefly employed by Milwaukee Careers Cooperative during his period of supervised release. Other deposits into the *Sandy RANDALL* Summit account include checks drawn on accounts from other financial institutions in the name *Steven DAGOSTINI*, and cash advances from the *Sandy RANDALL* credit card account. There were also balance transfers, cash advances, and checks drawn on accounts at various other institutions in the names of *Anthony CAIRO, Patrick FRANKE, Frankie LANE, James PERRY, Jamie COOPER, Jay CASTRO* and *Mark LONG*. Based on the evidence to date, these additional account holders all appear to be synthetic identities.

17. Similarly, the Landmark records for the *Herminio CASTRO* account show deposits of checks drawn on the accounts of *Sandy RANDALL* at Summit Credit Union*, Mark LONG,* at Barclays and Wells Fargo, *Jamie COOPER* at Citi Bank, *Chris MARKS* at Capital One and Ally, *Steven DAGOSTINI* at UW Credit Union, and *Frankie LANE* at Navy Federal Credit Union. The records also show deposits of checks written to other payees including *Anthony CAIRO*, *Pat FRANKE, Chris MARKS,* and *Jamie COOPER*. By September 13, 2019, the *Herminio CASTRO* Landmark checking account balance had grown to $12,492.78 and was drawn on for payments to various credit card companies including CitiCard, Discover, TD Bank, GTE Financial Credit Union, Wells Fargo, BMO Harris, Fifth Third Bank, and Capital One, and to Vumber, (a business that provides virtual business phone numbers), and Virtualpostmail, (a mail service in California). Log-ins to the *Herminio CASTRO* Landmark accounts in March, April, May and June 2020 originated from IP 99.20.253.51, which is an IP address administered by AT&T, and according to AT&T records, is assigned to Sandra Randall at 311 N Greenfield Ave, Waukesha, WI 53186.

18. To date, I have identified sixteen synthetic identities and several shell companies, linked to Lee S. DAGOSTINI by overlapping personal identifiers including addresses, phone number, email and IP addresses. In addition to *Sandy RANDALL*, *Steven DAGOSTINI*, *Herminio CASTRO*, and *Frankie LANE*, the synthetic identities linked to Lee S. DAGOSTINI include *Riley CROSS, Rudy PETERSON, Patrick FRANKE, Dylan YATES, Chris MARKS, Anthony CAIRO, Jay CASTRO, Mark JOHNSON*, *James PERRY, Mark LONG, Jamie COOPER, and Sophia DAGOSTINI* along with shell companies *HC Enterprises* and *LD Enterprises*. The suspect accounts are at Landmark Credit Union, Summit Credit Union, Wells Fargo Bank, Bank of America, Digital Federal Credit Union, Discover, Elan Financial, Fifth Third Bank, First Bank of Omaha, GTE Financial Credit Union, Navy Federal Credit Union, Synchrony Bank, TD Bank, Unify Financial Credit Union, UW Credit Union, Barclays, and Capital One Bank. In most cases, there are multiple accounts at each financial institution. To date, approximately 87 credit cards have been issued in the names of these synthetic identities by these financial institutions. Many now have substantial delinquent balances. In addition to cash advances and balance transfers, the cards have been used for charges at grocery and convenience stores, restaurants, a health club, and medical clinics for the purchase of goods and services in and around the Waukesha area. To date, it appears that the loss generated in this current scheme exceeds $650,000.

19. During surveillance conducted on June 8, 2020, another agent observed Lee S. DAGOSTINI attempt a transaction at the Waukesha Associated Bank ATM. Subsequently obtained Associated Bank records showed the transaction to be an attempt to withdraw cash with a Fifth Third Bank credit card issued in name *Jamie COOPER*, one of the synthetic identities identified during this investigation.

20. As part of this investigation I have also obtained store surveillance video and transaction records from Roundy's Supermarkets. The video captures Lee S. DAGOSTINI and Sandra RANDALL making purchases on various dates. The corresponding transaction records reflect that these purchases were made with credit cards issued in the names of *Rudy PETERSON, Sandy RANDALL,* and *Jamie COOPER*. These purchase transactions were also linked to RANDALL's actual customer loyalty account at Roundy's. In other words, DAGOSTINI and RANDALL made the purchases with the fraudulent credit cards but entered RANDALL's Roundy customer loyalty number in connection with the transactions. Specifically, on May 5, 2020, DAGOSTINI and RANDALL used the *Rudy PETERSON* GTE credit account to purchase merchandise worth $127.01. RANDALL used the same card on May 24, 2020 to purchase merchandise worth $151.93. On June 2, 2020 RANDALL used the *Sandy RANDALL* Summit Credit Union credit account to purchase merchandise worth $78.52. On June 8, 2020 DAGOSTINI used the *Jamie COOPER* Fifth Third credit account to purchase merchandise worth $63.81.

21. Evidence obtained during this investigation also demonstrates that as part of this fraud scheme, Lee S. DAGOSTINI and Sandra RANDALL have used the school accounts of their college age children to launder funds acquired in the scheme. For example, on April 25, 2018, a credit card ending in 8839, issued by Synchrony Bank in the name *Patrick FRANKE*, was used to pay $4,788 to University of Wisconsin-Whitewater for the summer term of Lee S. DAGOSTINI and Sandra RANDALL's daughter. *Patrick FRANKE* is a synthetic identity, and the card was linked to Lee S. DAGOSTINI by his telephone number 414 940-9975. At the time of the payment, the daughter did not have a tuition balance due. On May 8, 2018, a credit card ending in 6368, also issued by Synchrony Bank in the name *Patrick FRANKE*, and linked to Lee S. DAGOSTINI by his telephone number, was used to pay $5,339 to the University of Wisconsin-

Whitewater for the summer term of Lee S. DAGOSTINI and Sandra RANDALL's son. At the time of the payment, the son did not have a tuition balance due. On June 1, 2018, the University of Wisconsin-Whitewater bursar's office refunded the $4,788 overpayment for the daughter's tuition and the $5,339 overpayment for the son's tuition. The refunds were made by ACH transfer to Sandra RANDALL's legitimate Chase Bank checking account ending in 5993, which was on file with the school. After the funds were received, Sandra RANDALL wrote three checks to *Sandy RANDALL*: check 2052 dated June 1, 2018 for $745; check 2056 dated June 4, 2018 for $3,345; and check 2053 dated June 19, 2018 for $4,747. Each of these checks was deposited into the synthetic identity account of *Sandy RANDALL,* ending in 4300 at Summit Credit Union. Thereafter DAGOSTINI and RANDALL primarily used the funds to pay scheme related credit card bills. In May 2018, the *Patrick FRANKE* credit card ending in 8839 was reported lost or stolen and the balance was transferred to a new credit card ending in 3451. No further payments were made on either of these *Patrick FRANKE* credit card accounts and in March 2019 Synchrony Bank charged off $14,133.73 on the account ending in 3451 and $13,303.72 on the account ending in 6368.

22. Based on the foregoing, I submit that there is probable cause to believe that Lee S. DAGOSTINI and Sandra RANDALL are presently engaged in a scheme to defraud financial institutions and credit card companies by means of material false and fraudulent preens and representations, by the use of the United States mails, and interstate wire communications, in violation of Title 18, United States Code, Sections 1341, 1343 and 1344.